# Louisville & Interurban Railroad Company, et al v. App.

(Decided February 3, 1914.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, First Division).

Street Railroads—Duty in Stopping to Allow Passengers to Alight.
—A street car company, as a carrier of passengers, is under a
duty to stop its cars a sufficient length of time to give passen-
gers desiring to alight a reasonable opportunity to do so.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for
appellants.

THOMAS C. MAPOTHER for appellee.

Opinion of the Court by Judge Carroll—Affirming.

In this suit by the appellee to recover damages for
personal injuries sustained, as she alleged, by the negli-
gence of the appellant company, there was a verdict and
judgment in her favor for $1,200. A reversal is asked
upon the grounds that the verdict was not sustained by
sufficient evidence and that the trial court erred in giving
instruction number one. The negligence charged was
that the appellee was thrown to the street from a car
that was suddenly started with a violent jerk as she was
alighting from it.

Appellee testified in substance that when the car had
stopped at Baxter and Hamilton avenues for the purpose
of letting passengers off, she walked to the back of the
car and stepped out on the platform for the purpose of
getting off, and just at that time the car gave a jerk
and she was thrown out into the street; that when she
was standing on the platform for the purpose of getting
off she had a valise in one hand and a bundle under the
other arm and did not take hold of the handholds on the
car.

Her son, who was a passenger on the car, testified that
as appellee was in the act of alighting from the car it
suddenly started with a lurch and the appellee fell to
the street.

A witness who was standing a few feet away on the
street and saw the accident, testified in substance the
same as appellant and her son.

On the other hand, the conductor on the car testified
that after appellee had alighted safely from the car, he

saw her fall in the street, and that there was no movement of the car from the time it stopped to permit passenger to alight until after appellee had alighted and was a few feet from the car.

It seems to us that the evidence in behalf of appellee was amply sufficient to take the case to the jury and to sustain the verdict, for if the car after it stopped was started, whether with or without a lurch or jerk, while appellee in the exercise of reasonable haste, was in the act of getting off, and this starting of the car threw appellee to the street, causing her to sustain injuries, the company was guilty of actionable negligence.

A street car company as a carrier of passengers is under a duty to stop its cars a sufficient length of time to give passengers desiring to alight a reasonable opportunity to do so. Under the evidence the issue between the parties was clearly made, and a very simple one. It involved the single question whether or not the car was started while appellee was in the act of alighting from it, as there is no question made that appellee did not act with proper expedition in getting off.

With the evidence in the condition stated, the court told the jury that if they believed appellee was thrown from the platform of the car by a lurch or jerk of the car and thereby injured, they should find for her, but that if they believed she had left the car in safety and thereafter fell from any cause not connected with the movement of the car, they should find against her.

These instructions submitted in simple and correct form the only issues in the case. It is of course evident that the jury believed the story of appellee and her witnesses in preference to the evidence of the witnesses for the appellant, and as the evidence for the appellee was sufficient to support the verdict in her behalf, and the instructions are not objectionable, the judgment is affirmed.